Per Curiam.
The bill states that the complainant, being an inhabitant of Amherst County, in the State of Virginia, was sued in an action of trespass, assault and battery, by the defendant, in the District Court of Albemarle, of said State ; that pending the suit'he removed to the county of Smith in this State ; that the defendant recovered upon the suit brought by him in the State of Virginia, $100, and sent the record into this State, upon which suit was instituted against the complainant in the Circuit Court of the county of Smith, and recovery had thereon in the sum of $120 ; that after the recovery against the complainant in Albemarle District, the complainant being there upon a visit, the defendant issued an execution upon said judgment, which was levied on his property to the value of the judgment and costs, and that he gave, according to the laws of that State, a forthcoming bond to the sheriff for the property so levied upon, which was accepted by him. The defendant, after this, sued out an execution on the recovery aforesaid in Smith Circuit Court, upon which the complainant filed his bill, praying an injunction, which was granted, and the bill is taken pro confesso. The court is of opinion that the levying of the execution upon the complainant’s property sufficient to discharge the same, is in law a satisfaction to the defendant, and discharges him from all liability occasioned by virtue of any *118 proceedings had on said judgment subsequent to the levy ; that the forthcoming bond changes not the effect of the execution, it only produces a modification in the attainment of its object. But the law goes further. If in this case the sheriff, instead of taking * this forthcoming bond, a species of relief afforded by the laws of Virginia to debtors by execution, had simply taken a bond for money from the complainant, it would have been by the common law a good execution upon the party, and discharge him from the judgment, and the sheriff would have been answerable for the money. See Ba. Ab. verlo “ Execution,” Letter D ; Kepble, 551. Decree that the injunction granted in this cause be made perpetual, and that the defendant pay the costs of this suit.
See Sherrell v. Goodrum, 3 Hum. 419; McIntyre v. Halford, 4 Yer. 582; Charlton v. Lay, 5 Hum. 496; Young v. Read, 3 Yer. 297; Brown v. McDonald, 8 Yer. 158; Camp v. Laird, 6 Yer. 246; Carroll v. Fields, 6 Yer. 305; Clark v. Bell, 8 Hum. 26; Cook v. Smith, 1 Yer. 148; Williams v. Bowden, 1 Swan, 282; Carnes v. Pickett, 2 Sneed, 655; King’s Digest, 1607 et seq., 1629 et seq.